**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**RITA ROBERTS**                                                                      **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:04CV189KS-MTP**

**WAL-MART STORES, INC.**
**And SHEN TAI**                                                                  **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion for Summary Judgment **[#49]** filed on

behalf of the defendant Wal-Mart[1].  The court, having reviewed the motion, the brief of

counsel, the authorities cited, the pleadings and exhibits on file and being advised that

the plaintiff has failed to respond finds that the motion is well taken and should be

granted.  The court specifically finds as follows.


**FACTUAL BACKGROUND**

On or about June 11, 2002, the plaintiff allegedly suffered personal injuries when

the lawn chair in which she was seated collapsed and caused her to fall to a concrete

floor.  The plaintiff's Amended Complaint alleges that she purchased the chair from

Wal-Mart's store on U.S. Highway 98 in Hattiesburg, Mississippi, and that the chair was

manufactured by Shen Tai.[2]  The plaintiff's claim against Wal-Mart is for failure to warn

---

[1]  Shen Tai was named as a defendant in the plaintiff's Amended Complaint filed on April 15,
2005, but was never served with process and is, therefore, not before the court.

[2]  The plaintiff's original Complaint named the manufacturer of the chair as All-Aluminum
Products, who was dismissed by summary judgment on April 15, 2005.

of an allegedly known defect.

Prior to the filing of this lawsuit, the plaintiff provided a cancelled check which she contended was for the purchase of the allegedly defective chair.  However, Wal-Mart ran a point-of-sale transaction on the plaintiff's check and determined that the check was for the payment of merchandise from Wal-Mart's Petal, Mississippi store, none of which included a lawn chair.  Nevertheless, the plaintiff instituted this action in the Circuit Court of Forrest County which was removed to this court on June 9, 2004, on the basis of diversity of citizenship.

On July 1, 2005, the plaintiff's counsel moved to withdraw because of his activation into active military duty.  The court held a hearing on the motion on October 25, 2005, and granted the withdrawal.  The plaintiff was granted until December 5, 2005, to find new counsel or notify the court that she wished to proceed *pro se*.  On December 5, the plaintiff informed the court in writing that she wanted to proceed *pro se*.

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T.*

*for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  Id.  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of

material fact and the appropriateness of judgment as a matter of law to prevail on his

motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The

movant accomplishes this by informing the court of the basis of its motion, and by

identifying portions of the record which highlight the absence of genuine factual issues.

*Topalia*n, 954 F.2d at 1131.

 "Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation

to respond unless the movant discharges [its] initial burden of demonstrating

[entitlement to summary judgment]." *John*, 757 F.2d at 708.  "Summary judgment

cannot be supported solely on the ground that [plaintiff] failed to respond to defendants'

motion for summary judgment," even in light of a Local Rule of the court mandating

such for failure to respond to an opposed motion. *Id.* at 709.

 However, once a properly supported motion for summary judgment is presented,

the nonmoving party must rebut with "significant probative" evidence. *Ferguson v.

National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the

nonmoving litigant is required to bring forward 'significant probative evidence'

demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting

Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary

judgment motion, one may not rely on mere denial of material facts nor on unsworn

allegations in the pleadings or arguments and assertions in briefs or legal memoranda.

The nonmoving party's response, by affidavit or otherwise, must set forth specific facts

showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P. *See also,

Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

 While generally "'[t]he burden to discover a genuine issue of fact is not on [the]

court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

Under Mississippi's version of common law strict liability for unreasonably dangerous products, manufacturers were not considered insurers of the products they produce.  Instead, the existence of a product defect has to be established before recovery could be obtained for a resulting injury.  *Walton v. Chrysler Motor Corporation*, 229 So.2d 568, 572 (Miss. 1969)(*overruled on other grounds*, *General Motors Corporation v. Howard*, 244 So.2d 726, 728 (Miss. 1971)).  *See also, Jones v. Babst*, 323 So.2d 757, 759 (Miss. 1975).  Under the common law version of product liability adopted in Mississippi, three elements had be established by the proof before strict liability could be imposed:

(1) that the plaintiff was injured by the product;

(2) that the injury resulted from a defect in the product which rendered it unreasonably dangerous; and

(3) that the defect existed at the time it left the hands of the manufacturer.

*Early-Gary, Inc. v. Walters*, 294 So.2d 181 (Miss. 1974).

In 1993 Mississippi codified its products liability law and "[s]ince that time, products liability claims have been specifically governed by statute, and a claimant, in presenting his case, must pay close attention to the elements of the cause of action and the liability limitations enumerated in the statute." *Williams v. Bennett*, 921 So.2d 1269, 1273 (Miss. 2006).  Under the codified version of products liability, the three elements set forth above are considered part of the *prima facie* products liability case

which a claimant must make out in order to go forward in the face of a summary

judgment motion.  *Id*. ("In general, a claimant must make out a *prima facie* products

liability case in Mississippi by showing that a product was defective; that the defect

caused the product to be unreasonably dangerous; that the unreasonably dangerous

defect caused the harm complained of; and that the defective condition existed at the

time the product left the control of the manufacturer or seller.")

Specifically, Miss. Code Ann. § 11-1-63 (Supp. 2005) provides, in pertinent part;

(a)   The manufacturer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller:

(i) 1.  The product was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications, or

2.  The product was defective because it failed to contain adequate warnings or instructions, or

3.  The product was designed in a defective manner, or

4.   The product breached an expressed warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product; and

(ii)  The defective condition rendered the product unreasonably dangerous to the user or consumer; and

(iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

Miss. Code Ann. § 11-1-63(a)(i)-(iii).

The plaintiff has offered no proof on any of the *prima facie* elements required to

proceed beyond summary judgment.  She has failed to offer proof on any of the matters

which she bears the burden of proof at trial.  In fact, she has not offered any expert

proof at all and while it may not be absolutely necessary to offer expert testimony on

the issue of defect in all cases, it is, at a minimum, desirable.  Such determinations are generally outside the scope of the average experiences and qualifications of most lay jurors.  *See Rudd v. Montgomery Elevator Co.*, 618 So.2d 68 (Miss. 1993); *Wyeth Laboratories, Inc. v. Fortenberry,* 530 so.2d 688 (Miss. 1988); *Hickox v. Holleman*, 502 So.2d 626 (Miss. 1987); and *Ford Motor Co. v. Matthews*, 291 So.2d 169 (Miss. 1974).  The plaintiff has offered no testimony of any manufacturing defect, design defect or warning or instruction defect of the subject chair.  Failure to offer evidence on a critical matter upon which she bears the burden is fatal to her case.  *See, In Re Municipal Bond Reporting Antitrust Lit., supra.*

Plaintiff in this case, as in all cases, has the burden of proof.  The plaintiff is not entitled to recover merely because there was an accident and she was injured.  She has the initial burden of offering proof of a defect in the subject chair and thereby placing the responsibility for any damages she could prove on the defendant(s).  In this case, the plaintiff has not met her burden, thus, summary judgment is appropriate.

IT IS THEREFORE ORDERED AND ADJUDGED that Wal-Mart's Motion for Summary Judgment **[#49]** is Granted and that all other pending motions are dismissed as moot.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 15th day of August, 2006.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE